IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HENRY C. McCLUNG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:11-CV-125 |
| ) | |
| GRANT COUNTY SHERIFF, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person seeking review of his state criminal conviction, filed by Henry C. McClung, a *pro se* prisoner, on April 13, 2011. For the reasons set forth below, the court **DISMISSES** the petition (DE # 1).

BACKGROUND

Petitioner Henry C. McClung was found guilty of domestic battery by the Marion City Court. On January 1, 2011, he was sentenced to one year imprisonment. On his habeas petition, McClung declares that he has not filed a direct appeal nor sought any type of collateral review in the state courts. According to his petition, he has four grounds for relief; however, the factual

basis of these claims is unclear as he has simply transcribed the text of the Fourth, Fifth, and Eighth Amendments, and Section One of the Thirteenth Amendment, without further explanation.

DISCUSSION

Before a habeas petitioner may obtain relief, he must first exhaust his issues in State Court by properly presenting them to the Indiana Supreme Court.

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

McClung has not attempted any sort of appeal, much less exhausted the remedies available to him. When "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." SECTION 2254 HABEAS CORPUS RULE 4.

CONCLUSION

For the reasons set forth above, the petition (DE # 1) is **DISMISSED WITHOUT PREJUDICE.**


**DATED: June 8, 2011**                    /S/RUDY LOZANO, Judge
                                           **United State District Court**